IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARKUS GREEN | § | |
| v. | § | CIVIL ACTION NO. 6:22cv324 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Markus Green, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus purportedly under 28 U.S.C. §2241 challenging the computation of his sentence. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Application for Habeas Corpus Relief**

Petitioner asserts that he received a 10-year sentence in Calhoun County, Texas, for unauthorized use of a motor vehicle in 1990. He states that the commitment papers were sent to TDCJ but were placed in his property by mistake. According to Petitioner, he has served over 32 years on this sentence, but it has never been discharged.

**II. The Respondent's Motion to Dismiss and the Response**

The Respondent has been ordered to answer the petition and has filed a motion to dismiss the petition for failure to exhaust state remedies. The Respondent states that Petitioner has 37 previous state habeas filings, but Petitioner does not cite any of these as raising the present claim. In the past two years, Respondent states that Petitioner has filed three state habeas petitions, none of which raise the present claim. Respondent asserts that any state habeas petitions over two years

1

old "would certainly be barred by AEDPA's statute if limitations and should be dismissed with prejudice." Because Petitioner has not presented his claims to the highest state court, Respondent argues that the petition should be dismissed for failure to exhaust state remedies.

In his reply, Petitioner contends that he has exhausted state remedies, claiming that he sought relief from the 13th Judicial District Court of Appeals and the Texas Court of Criminal Appeals in *In re Green*, 2014 Tex. App. LEXIS 5063 (Tex.App-Corpus Christi 2014) and *Green v. State*, 2014 Tex. App. LEXIS 934 (Tex.App.-Corpus Christi 2014).  He says that he received a 10 year sentence for unauthorized use of a motor vehicle in Calhoun County, which was to run concurrently with a 10 year sentence for unauthorized use of a motor vehicle from DeWitt County, as well as three counts of credit card abuse from DeWitt County.

Petitioner contends that the DeWitt County sentences were illegal because the trial court ordered them to run consecutively - a 10 year sentence for the unauthorized use charge, 10 years for the most serious credit card abuse charge, which involved three dollars, and separate probations for the lesser credit card offenses.  He states that he served seven years of flat (calendar) time and then retained parole counsel once he learned that he would have to completely discharge his first ten-year sentence.  Counsel filed a state habeas petition, numbered WR-28,344-01.  According to Petitioner, the Court of Criminal Appeals awarded him seven and a half years of flat time served on September 28, 1996 and the trial court reduced his sentence to the seven and a half years served.  He says that he was released from prison on the DeWitt County convictions, but the conviction from Calhoun County was never resolved because TDCJ had never received the commitment papers. Petitioner also asserts that he is proceeding under 28 U.S.C. §2241, which is not subject to the AEDPA restrictions established by 28 U.S.C. §2254.

**III. The State Court Records**

This Court has received and reviewed copies of Petitioner's state court records. These records show that he has filed 37 previous state habeas applications, but only one of these - slip op. no. WR-28,344-22 - concerns a conviction from Calhoun County. Of the remainder, 22 are state

habeas petitions concerning convictions from Travis County, three are mandamus petitions concerning convictions from Travis County, six are habeas petitions concerning convictions from DeWitt County, four are habeas petitions concerning convictions from Victoria County, and one is a cert petition to the Court of Criminal Appeals concerning Victoria County. Petitioner has been cited multiple times for abuse of the writ.

     The one state habeas petition concerning Calhoun County (docket no. 13-16) asserts that Petitioner has served 20 years on a two-year prison sentence without jail time being credited. He stated that he was convicted of unauthorized use of a motor vehicle, receiving a sentence of two years in prison, but the commitment papers were "withheld," so the two years of flat time which he served has not been recognized. Since that time, he stated that he has been convicted of passing counterfeit notes and practicing medicine without a license and has served a total of 23 years in prison. While he has also been serving time for this two-year sentence, he stated that the sentence has never been recorded by the State as discharged.

     Petitioner also contended that this two-year sentence cannot run concurrently or consecutively with his sentences from DeWitt County because those were illegally stacked (i.e. made consecutive). Nor can his sentence be consolidated with or made consecutive to his 40 year sentence from Travis County for practicing medicine without a license.

     The State filed an answer to Petitioner's state habeas petition saying that Petitioner received a five-year sentence for felony theft and that the Texas Department of Criminal Justice website does not show that Petitioner is being held on this charge, and so "it is assumed that Application discharged the sentence in this cause." The judgment and sentence on the plea of guilty shows that Petitioner was convicted of felony theft and received a five-year sentence. Petitioner's state habeas petition was dismissed without written order.

**IV. Discussion**

     The Respondent has filed a motion to dismiss for failure to exhaust state remedies, to which Petitioner has replied by arguing that exhaustion is not required because he is proceeding under §2241 rather than §2254 and that he did exhaust his state remedies.

It is well settled that post-conviction habeas corpus petitions under 28 U.S.C. §2254 must have state remedies exhausted prior to their presentment in federal court. *See* 28 U.S.C. 2254(b) & (c); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). While there is no corresponding requirement in the statute for claims under 28 U.S.C. §2241, the Fifth Circuit has made clear that such a requirement does in fact exist, noting that

> Despite the absence of an exhaustion requirement in the statutory language of 28 U.S.C. §2241(c)(3), a body of case law has developed holding that although Section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson v. State of Louisiana*, 816 F.2d 220, 223 (5th Cir. 1987). The court went on to note that the exhaustion doctrine was "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."

The exhaustion requirement is not jurisdictional, but reflects a policy of federal-state comity designed to give the State the initial opportunity to rule upon and correct alleged violations of its prisoners' federal rights. *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (citations omitted). The purpose of exhaustion "is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Ruiz v. Quarterman*, 460 F.3d 638, 642-643 (5th Cir. 2006). The principles of comity dictate that the State should be given the first opportunity to resolve claims such as Petitioner's, which concerns the computation of a state sentence. Exceptions to the exhaustion requirement exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). Petitioner's contention that he need not exhaust state remedies because he is proceeding under §2241 rather than §2254 is without merit.

In order to exhaust state remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals. State remedies are ordinarily not considered exhausted as long as the petitioner may effectively present his claims to the state courts by any currently available and adequate means. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In order to exhaust available state remedies, a petitioner must "fairly apprise" the highest state court of the federal rights which were allegedly violated. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). This may be done through a petition for discretionary review on direct appeal or collaterally through an application for writ of habeas corpus. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Petitioner's state court records show that he has never presented a claim concerning credit for a 10-year sentence for unauthorized use of a motor vehicle from Calhoun County to the Texas Court of Criminal Appeals. His only state habeas petition concerning Calhoun County concerned a two-year sentence for unauthorized use of a motor vehicle, but made no mention in that petition of a 10 year sentence.

In any event, even if Petitioner's state habeas petition from Calhoun County did concern the same conviction at issue in the present case, despite the discrepancy in sentence length, the Texas Court of Criminal Appeals dismissed Petitioner's Calhoun County habeas petition without written order, meaning that the petition was not adjudicated on the merits. The Court of Criminal Appeals has explained that "in our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits." *Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997). Because Petitioner's state habeas petition was not decided on the merits, but was dismissed for a reason unrelated to the merits, this petition would not serve to exhaust state remedies even if it did concern the same conviction as raised in Petitioner's federal habeas case. *Bible v. Quarterman*, civil action no. 3:08cv885, 2008 U.S. Dist. LEXIS 72188, 2008 WL 4348914

(N.D.Tex., September 22, 2008) (where state habeas petition was "dismissed" rather than being "denied," which was not a decision on the merits, the claims raised in that petition were unexhausted); *Fuller v. Dretke*, civil action no. 3:03cv664, 2004 U.S. Dist. LEXIS 24880, 2004 WL 2851778 (N.D. Tex., November 30, 2004), *Report adopted at* 2004 U.S. Dist. LEXIS 25972, 2004 WL 3008615 (N.D.Tex., December 28, 2004) (dismissal of state habeas petition meant that the Texas Court of Criminal Appeals declined to consider the claim for reasons unrelated to the claim's merits, so administrative remedies were not properly exhausted); *accord*, *Smith v. Director, TDCJ*, civil action no. 1:17cv373, 2020 U.S. Dist. LEXIS 131025, 2020 WL 5928438 (E.D.Tex., June 19, 2020), *Report adopted at* 2020 U.S. Dist. LEXIS 129982, 2020 WL 4218475 (E.D.Tex., July 22, 2020). Thus, Petitioner did not exhaust his state remedies through the state habeas corpus procedures.

In his reply to the Respondent's motion to dismiss, Petitioner does not assert that he has exhausted his state remedies in habeas corpus on his claim. Instead, he points to two other cases which he claims are proof of exhaustion. These cases are styled as *Green v. State*, 2014 Tex. App. LEXIS 934, 2014 WL 346025 (Tex.App.-Corpus Christi, January 30, 2014), and *In re Green*, 2014 Tex. App. LEXIS 5063, 2014 WL 2069350 (Tex.App-Corpus Christi, May 12, 2014). In the first of these cases, *Green v. State*, the intermediate state appellate court said that Petitioner was attempting to perfect an appeal from the trial court's denial of his state habeas petition, but his notice of appeal was untimely and so the appeal was dismissed for want of jurisdiction. In the second case, *In re Green*, Petitioner filed a mandamus petition in the intermediate appellate court trying to compel the trial court to award him jail time credit, notify TDCJ-CID about this time credit, award him monetary compensation for time incarcerated in excess of his sentence, and terminate his sentence as fully and completely discharged. The court of appeals determined that Petitioner did not meet his burden for obtaining mandamus relief and denied the petition. Neither the state court records nor the online records of the Texas Court of Criminal Appeals show that Petitioner appealed either of these decisions to the Court of Criminal Appeals.

Neither of these cases serve to exhaust Petitioner's state remedies. Neither of them were appealed to the Texas Court of Criminal Appeals and thus the claims therein were not presented to the highest state court. Furthermore, the dismissal of the appeal for want of jurisdiction in *Green v. State* plainly does not represent an adjudication on the merits, and *In re Green* is a mandamus action which by its very nature does not represent a collateral attack upon the validity of a conviction. *See Mayberry v. Stephens*, civil action no. SA-13-cv-825, 2014 U.S. Dist. LEXIS 8994, 2014 WL 280390 (W.D.Tex., January 24, 2014) (stating that "applications for writ of mandamus are neither direct review of the conviction nor collateral attack and accordingly do not satisfy the exhaustion requirement"); *accord*, *Boydston v. Director, TDCJ-CID*, civil action no. 3:21cv1735, 2021 U.S. Dist. LEXIS 162762, 2021 WL 3816342 (N.D.Tex., August 3, 2021), *Report adopted at* 2021 U.S. Dist. LEXIS 161315, 2021 WL 3810907 (N.D.Tex., August 25, 2021), *aff'd through denial of certificate of appealability* slip op. no. 21-11034, 2022 U.S. App. LEXIS 29493, 2022 WL 11530872 (5th Cir., July 29, 2022);

Thus, the state court records show that Petitioner has not exhausted his claim concerning time credits on a 10-year sentence from Calhoun County by presenting this claim to the highest court for the State of Texas in a procedurally proper manner. Nor has Petitioner shown an absence of available State corrective processes or circumstances rendering such processes ineffective to protect his rights. *See Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996), *citing Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). Petitioner's federal habeas corpus petition should be dismissed without prejudice for failure to exhaust state remedies.

**V. Conclusion**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner

has made a substantial showing of a denial of a constitutional right on the issues before that court. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). This requires a demonstration that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In this case, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Petitioner has failed to exhaust his state remedies. Petitioner is not entitled to a certificate of appealability insofar as such a certificate relates to an appeal of this case.

## RECOMMENDATION

It is accordingly recommended that the Respondent's motion to dismiss (docket no.16) be granted and the Petitioner's application for the writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies. It is further recommended that a certificate of appealability be denied *sua sponte*. The denial of a certificate of appealability should refer only to a dismissal of the present habeas petition and have no effect upon the Petitioner's right to present his claims to the courts of the State of Texas in a procedurally proper manner, nor upon his right to again seek relief in federal court in the event that he does not obtain the relief which he seeks in state court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed finding is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 24th day of January, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE