UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:22-cv-00324

———

**Markus Green,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

———

# ORDER

Petitioner Markus Green, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this petition for the writ of habeas corpus challenging the legality of his confinement. The petition has been referred to United States Magistrate Judge John D. Love.

Petitioner stated that, in 1990, he received a 10-year sentence in Calhoun County, Texas, for unauthorized use of a motor vehicle. He says that the commitment papers for that sentence were sent to TDCJ but were placed among his property by mistake. Petitioner says that, as a result, he served over 32 years on the sentence, which remains undischarged.

Respondent filed a motion to dismiss, arguing that petitioner did not exhaust his state remedies. Respondent states that petitioner has filed 37 previous state habeas corpus petitions, none of which raised the present claim.

In his response, petitioner argues that he indeed exhausted his state remedies. Doc. 17 at 3 (citing *In re Green*, 2014 Tex. App. Lexis 5063 (Tex. App.-Corpus Christi 2014); *Green v. State*, 2014 Tex. App. Lexis 934 (Tex. App.-Corpus Christi 2014)). According to petitioner, his 10-year Calhoun County prison sentence was to run concurrently with DeWitt County sentences for credit-card abuse and for unauthorized use of a motor vehicle. Petitioner states that the DeWitt County sentences were unlawful because the trial court had ordered them to run consecutively.

Petitioner reports that, after serving over seven years on the sentences, he retained a parole attorney, who filed state habeas corpus petition number 28344-01. Petitioner asserts (1) that the Texas Court of Criminal Appeals awarded him seven-and-a-half years of flat time served and (2) that the trial court reduced his time to the seven-and-a-half years served. Petitioner further reports that he was released from prison for the DeWitt County convictions, though the conviction from Calhoun County was never resolved because TDCJ never received the commitment papers. Petitioner also argues in his response that he is proceeding under 28 U.S.C. § 2241, which he says lacks an exhaustion requirement.

The magistrate judge reviewed the state court records, including all 37 of petitioner's prior state habeas and other proceedings. Only one of those, WR-28344-22, concerned a conviction from Calhoun County. In that state habeas petition, petitioner complained that he had served twenty years on a two-year sentence without receiving credit for jail time. He claimed that the commitment papers were withheld and that the two-year sentence was never discharged. The state responded, saying that petitioner had received a five-year sentence for felony theft and that the TDCJ website did not show his being held on that charge, so "it is assumed that applicant discharged the sentence in this cause." Doc. 13-16 at 37. The state habeas petition was dismissed without written order, and the magistrate judge observed that a *denial* of a state habeas petition means that it was considered and rejected on the merits, while a *dismissal* means that the court declined to consider the claim for reasons unrelated to the merits. Thus, because the state habeas petition was not decided on the merits, it cannot serve to exhaust state remedies. *Bible v. Quarterman*, No. 3:08-cv-00885, 2008 WL 4348914 (N.D. Tex. 2008); *Fuller v. Dretke*, No. 3:03-cv-00664, 2004 WL 2851778 (N.D. Tex. 2004).

Although petitioner cited *In re Green* and *Green v. State* to show that the exhaustion requirement was satisfied, the magistrate judge determined that neither of those cases raised the issue presented in the federal petition and neither were appealed from the intermediate

appellate court to the Court of Criminal Appeals. Those cases there-
fore did not demonstrate that petitioner had exhausted his state rem-
edies. Because petitioner never presented the claim raised in his fed-
eral petition concerning the discharge of a 10-year sentence from
Calhoun County to the highest state court in a procedurally proper
manner, the magistrate judge recommended that the petition be dis-
missed for failure to exhaust state remedies.

   In his objections, petitioner argues that his petition concerns the
state's non-compliance with Texas law as to the commitment papers
and the failure to release him after his sentence began. These con-
tentions do not show any valid justification for the failure to exhaust
state remedies by first presenting his claims to the state courts. His
objection is thus without merit.

   Petitioner asserts that he was not made aware of any other con-
victions imposed in Calhoun County and that he sought to obtain his
records from Calhoun County but never received a response. He
says that he objects to the recommendation to dismiss his petition
for failure to exhaust "until the court has determined with certainty
whether other convictions from Calhoun County indeed exist and
whether any of them have been exhausted by Green." Doc. 20 at 3.
This is an apparent reference to the fact that petitioner's federal pe-
tition refers to a ten-year sentence, while his state habeas petition
refers to a two-year sentence and the state court records from Cal-
houn County reflect a five-year sentence. But whether petitioner has
one conviction or numerous convictions from Calhoun County is not
relevant to this case because the single state habeas petition that pe-
titioner filed concerning Calhoun County did not serve to exhaust
state remedies for the claims raised in his federal petition. That ob-
jection is thus also without merit.

   Petitioner argues that his state habeas petition was dismissed for
abuse of the writ, for which he has been cited multiple times, and
that the Court of Criminal Appeals ordered that all future habeas pe-
titions be returned. But those two cases appear to bar further habeas
petitions related to a Travis County conviction, not further habeas
petitions generally. Even if petitioner is barred from seeking any

habeas relief due to his past abuses of the writ, the fact that a later state petition might be barred by the Texas abuse-of-the-writ doctrine does not excuse exhaustion of administrative remedies, but instead renders his unexhausted federal petition procedurally barred. *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). That objection too is thus also without merit.

Third, petitioner argues that his petition was filed under 28 U.S.C. § 2241 rather than under § 2254. But the magistrate judge cited § 2254 for the standard of review. The magistrate judge correctly stated that, even if petitioner's petition were properly brought under § 2241, the Fifth Circuit has held that the exhaustion requirement also applies to petitions under § 2241. *Dickerson v. State of Louisiana*, 816 F.2d 220, 223 (5th Cir. 1987). Again, petitioner's objection is without merit.

Fourth, petitioner argues that respondent cannot verify that petitioner ever satisfied the Calhoun County sentence and instead quoted the Calhoun County district attorney's saying that "it is assumed that applicant discharged the sentence in this cause." Petitioner contends that, for the Texas Court of Criminal Appeals to acquire jurisdiction, he must have been in the physical custody of respondent on the Calhoun County conviction. As the magistrate judge determined, the question of whether petitioner discharged his Calhoun County sentence according to Texas law is a matter for the Texas state courts to address first. *See Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006); *Dickerson*, 816 F.2d at 223. Because petitioner has never presented his claims to the Texas state courts in a procedurally proper manner, the magistrate judge correctly concluded that petitioner failed to exhaust his state remedies. Petitioner's objections are thus without merit.

Petitioner also filed a motion to deny respondent's motion to dismiss, arguing that (1) the court lacks jurisdiction to dismiss his petition under § 2254, (2) habeas petitions under § 2241 are not subject to the Anti-Terrorism and Effective Death Penalty Act, and (3) he

did exhaust his state remedies. These contentions have been previously addressed and are without merit.

Petitioner also filed a motion to produce the state court records or to expand the record, saying that the uncertainty over whether he has discharged his sentence can be resolved by submission of the pen packet or the commitment papers showing the time credited from his days in the county jail, coupled with parole records showing the date on which he was granted parole or discharged the sentence. These documents are not relevant to the issue in the present case, which concerns petitioner's failure to exhaust his claims through the courts of the state of Texas.

Finally, petitioner also filed a motion for summary judgment contending that respondent did not attach a copy of the pen packet from his Calhoun County conviction to the state court records. Doc. 23. He says that respondent has not disputed his claim that the Calhoun County conviction was never placed on file for purposes of parole and discharge; he says that this claim is supported by the record. He asserts—for the first time and in a motion for summary judgment—that he is actually innocent of the Calhoun County conviction because the severity of the offense was reduced in 1994, a few years after the offense was committed, and because the state's actions prevented the conviction from being made final.

Petitioner argues that (1) he has pleaded facts that would entitle him to immediate release from the custody of that conviction, (2) these facts are supported by the record, and (3) respondent's failure to include the pen packet from the conviction in the state court records was beyond petitioner's control. But none of these assertions are relevant to the magistrate judge's determination that petitioner failed to exhaust his state remedies. As the magistrate judge observed, claims such as these are properly presented to the state courts in the first instance. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that the exhaustion requirement is grounded in principles of comity because in a federal system, the states should have the first opportunity to address and correct alleged violations of a state prisoner's federal rights). Petitioner's motion for summary

judgment lacks merit and presents no valid basis upon which to re-
ject the magistrate judge's report.

Having reviewed the magistrate judge's report and peti-
tioner's objections de novo, the court overrules petitioner's ob-
jections and accepts the report's findings and recommendations.
The court orders that the petition for the writ of habeas corpus is
dismissed for failure to exhaust state remedies. A certificate of ap-
pealability is denied.

*So ordered by the court on May 10, 2023.*

J. CAMPBELL BARKER
United States District Judge